[Civ. No. 48430. First Dist., Div. Three. Feb. 1, 1982.]

MARGARET R. SUCEC, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant and Respondent.

**Counsel**

Maurice J. Nelson and Daniel L. Gardner for Plaintiff and Appellant.

Donald L. Reidhaar, Milton H. Gordon and Glenn R. Woods for Defendant and Respondent.

**Opinion**

**SCOTT, Acting P. J.**—Margaret Sucec appeals from a denial of her petition for a writ of mandate to compel respondent university to afford her a grievance hearing to contest her dismissal. Appellant was employed by the respondent university from 1968 to the date of her dismissal on August 30, 1976. On August 18, 1976, she received written notice of dismissal effective August 30, 1976. She was also advised: "You have a right to discuss this matter with our Personnel Analyst, Mr. Jeff Green and you have the right to grieve." The University of California staff personnel policy section 280.7 provides that an employee desiring a grievance hearing must make a request therefor "within 30 calendar days after the date on which he acquires knowledge or reasonably could be expected to know of the event or action which gave rise to

his grievance." Appellant requested a grievance hearing on September 22, 1976, five days beyond the thirty-day requirement of rule 280.7. Respondent denied appellant's request for a hearing as being untimely.

No findings of fact or conclusions of law were made by the trial court. Therefore, every intendment is in favor of the judgment and it will be presumed that the trial court in effect found all the facts necessary to support the judgment. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 310, p. 3118.) The instant case was decided on affidavits in support of and opposition to the petition for a writ of mandate. Those affidavits include a declaration of respondent employee Jeffrey D. Green and appellant Margaret Sucec. ■ In considering an appeal from an order which is based on affidavits, which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review, namely, (1) if there is any conflict in the affidavits those favoring the prevailing party are accepted as true and (2) since all intendments are in favor of the action taken by the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein but all facts reasonably to be inferred from those stated. (*DeWit v. Glazier* (1957) 149 Cal.App.2d 75, 81-82 [307 P.2d 1031].) ■ We turn now to examine the affidavits to determine if there is substantial evidence to support the judgment. The affidavit of Jeffrey Green stated that on August 18, 1976, the date of the dismissal letter, appellant called him advising that she had received the dismissal letter and would require copies of grievance forms and policies in order to protest the action. Arrangements were made to supply appellant with copies of the requested material. At no time thereafter until September 22, 1976, when appellant's grievance was filed were there any discussions with appellant or her attorney of "the time from which the filing deadline for that grievance would be computed." Appellant's declaration stated that in the telephone conversation with Mr. Green on August 19, he advised her that she had 30 days from the effective date of her discharge, that is, August 30, within which to file the grievance. The court was, of course, entitled to accept the declaration of Mr. Green which provides substantial evidence that no such representation in fact was made to appellant. In her brief appellant states that a letter from Mr. Green to appellant's attorney on October 7, 1976, which is attached to appellant's declaration, contradicts Green's declaration in that a portion of the letter stated as follows: "I had a conversation with Ms. Sucec in mid-August regarding the timeliness issue and at that time I advised her that a person had thirty days from the date on which he or

she was advised of the action to file a grievance." It is apparent, however, that in examining the letter that the sentence above quoted referred to a conversation between Green and appellant on August 17 concerning a prior disciplinary action against appellant where a request for a grievance had been denied as untimely and that untimeliness and the 30-day grievance request requirement had been discussed with appellant. That discussion did not take place in relation to the present matter; therefore, there was no inconsistency between Mr. Green's declaration and his letter. The reasonable inference from these matters fore the trial court is that appellant was fully aware on the date she received her dismissal notice that she was obligated to file a request for a grievance hearing within 30 days thereafter.

Appellant relies heavily upon *Napa Association of Public Employees v. County of Napa* (1979) 98 Cal.App.3d 263 [159 Cal.Rptr. 522] wherein the court held that the question of waiver should be decided on the basis of whether a party asserting the right had intended to waive it and the extent to which the opposing party had been prejudiced by a delay in cases where an employee failed to initiate grievance proceedings timely pursuant to the provisions of a collective bargaining contract. Appellant asserts that there is no evidence that appellant intended to waive her right to a grievance hearing and no evidence that respondent was prejudiced by the five-day delay. The parties debate the issue at length as to the applicability of *Napa* to a public employee grievance hearing right upon dismissal. Assuming *Napa* does apply, there was ample evidence before the trial court from which it can reasonably be inferred that appellant did intend in fact to waive her grievance hearing right. She knew of the right. She had had a previous grievance hearing request denied because of not having been timely made. She had been provided with all the forms upon which to set forth her grievance and request for hearing. She knew the period within which she was supposed to make the request and she failed to do it. It can be inferred therefore that she did not intend to pursue that grievance hearing right until sometime after the time for requesting the hearing had expired. The fact that she ultimately requested the hearing does not negate the inference that she had previously waived the right. Furthermore, it is questionable whether *Napa* applies to the facts of this case. The *Napa* court was concerned with a collective bargaining contract which included grievance procedures for the employees. Preliminary to an arbitration of the dispute in support of its holding the *Napa* court noted that there is strong public policy favoring arbitration, a policy deemed to require that courts closely scrutinize any allegation

of waiver of such favored right. (At p. 269.) We do not see a comparable public policy existing favoring grievance hearings on dismissals. As respondent argues, the university policy requirements of a 30-day request from the notice of dismissal are more akin to statutory limitation periods and as such the normal rules requiring performance within the period are applicable. (See *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341].) We conclude there is substantial evidence to support a finding that appellant waived her right to a hearing.

Appellant also contends that as a career employee of the university she was denied due process of law "irregardless [*sic*] of the time requirements for filing a grievance." She cites no authority for this proposition nor do we find any. There is an elaborate system established for hearing employee grievances within the University of California system. Appellant simply waived them.

Judgment is affirmed.

Feinberg, J., and Barry-Deal, J., concurred.